AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>**KOJUAN LEE**<br>*Defendant* | )<br>)<br>) Case No. 15-20472-5<br>)<br>) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of  ☐ a federal offense  ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the  ☐ date of conviction  ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense

☑ for which a maximum prison term of ten years or more is prescribed in  18 U.S.C. § 1959(a)(5) .

☑ under 18 U.S.C. § 924(c).

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 1 of 2

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

☑ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐ (1)  There is a serious risk that the defendant will not appear.

☐ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

See attached.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: 10/14/2015                                     s/David M. Lawson
                                                     *Judge's Signature*

                                          David M. Lawson, United States District Judge
                                                       *Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## ATTACHMENT A

I find by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if the defendant is released. I find by a preponderance of evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

The nature and circumstances of the offense charged are grave. The defendant is charged with four counts of committing an assault with a dangerous weapon in aid of racketeering, and one count of using and carrying a firearm during and in relation to a crime of violence. The latter offense — a violation of 18 U.S.C. § 924(c)) — triggers a presumption under the Bail Reform Act, 18 U.S.C. § 3142(e)(3)(B), that the defendant should be detained pending trial.

The evidence against the defendant is compelling. Particularly of concern is that before the assault took place in May on an individual who was attempting to withdraw from the gang of which the defendant is purportedly a member, the defendant and another person went to the victim's house the day before in an effort to coax him out of the house and perhaps confront him then. That was unsuccessful. There is no evidence that weapons were brought on that occasion, but the defendant did apparently participate in an acceleration of the violent activity against the victim and was with individuals who by all indications intended to use firearms to enforce a violent gang rule. There is probable cause to believe that the defendant committed the offense as charged based on the grand jury's indictment.

The defendant is young. His family ties and ties to the community are tenuous. The defendant previously failed to appear and answer criminal charges brought against him. He was arrested and charged with a misdemeanor offense of entering without permission in 2013, when he was 17 years old. He failed to appear for trial on August 12, 2013, a bench warrant was issued, and

he has been a fugitive since that time. In over two years since the scheduled trial date he has not sought to clear up the bench warrant or to face the consequences of that misdemeanor charge.

In another incident, the defendant was a passenger in a vehicle underway on the Southfield Freeway. The police stopped the vehicle in an attempt to arrest him. The defendant fled from the vehicle and ran across the freeway. Apparently one of the police officers attempted to deploy a taser. One of the probes took effect but the other one did not, and therefore the electrical charge could not be delivered and the defendant fled successfully. Since that incident, the defendant has not returned to his home, and he has been living a nomadic existence in a hotel room in an attempt to avoid arrest on the charges in the present indictment. Those two incidents establish that the defendant is a flight risk, and there is no evidence that would rebut the presumption that the defendant is a flight risk.

With respect to the nature and seriousness of the danger to any person or the community that would be posed upon the defendant's release, the involvement in gang activity is a factor to be considered, but it is not dispositive. However, the Court cannot turn a blind eye to the fact that the defendant is reputed to be a member of a violent street gang. He has been in possession of firearms in the past. The defendant's attorney correctly pointed out that the dates of the defendant's previous firearm possession cannot be determined with any certainty based upon the exhibits that the government has presented (consisting of photos posted on Facebook). Nonetheless, the photos presented — in which the defendant appears to be approximately the same age he is now — depict the defendant displaying gang symbology and holding weapons in a way that is somewhat boastful and is a cause for concern. The defendant also was involved in the charged event that occurred during daylight hours in which firearms were discharged. Although there is no evidence that the defendant was one of the shooters, he was with his confederates when shots were fired, not only at

an intended target, but also toward bystanders, some of whom were injured. The government contends that there are witnesses to that event who may be potential targets of gang activity, and if the defendant is released, the safety of those witnesses may be compromised.

Finally, according to the grand jury, the defendant was involved in enforcing a violent rule against a gang member who was trying to quit the gang, and the government suggests that equally violent methods as those that the defendant sought to impose upon the withdrawing gang member would likely also be used by the defendant against witnesses who could testify about his involvement. Those facts all establish by clear and convincing evidence that the defendant's release would pose a danger to members of the community, and there is no evidence in the record that would rebut the presumption that he should be detained to prevent that danger.